Thank you. We will proceed with case number 192311. Theodore D'Apuzzo, P.A. against the United States. Mr. Giuliano. Thank you, Your Honor. Good morning, and may it please the courts. Less than two months ago, the Supreme Court in Georgia v. Public Resources ruled that the state of Georgia could not copyright annotations that were part of its official statutory code on the basis that such a right would be incompatible with the public's right to free access to the law of the land, which the court stated included judicial rulings. For instance, on page 1507, speaking of judicial rulings, the court says it needs no argument to show that all should have free access to its contents. The government, however, has a different view as to the public's right to free judicial rulings. According to the government, a ruling is only worthy of opinion status and thus freely accessible to the public if it was designated as an opinion under the authoring judge's uncontrolled, unconditional, and absolute discretion. And that's a quote that appears on ACPS 722. I'm sorry? Counsel, this is not a copyright case. I mean, I understand you think there's some language that might be helpful in terms of your theories, but you've brought a contract claim. That's absolutely correct, Your Honor. Contract, so why don't you address that? Sure, and yes, we're only saying that Georgia supports or actually undermines the government's urgent interpretation of this contract. But so, according to the government, a ruling, the very class certification denial order that we're speaking of here, and many other examples of plaintiffs submitted, including 30, 50, and even 80-page rulings, properly require a charge via PACER by the public because they were not designated as opinions. In contrast, according to the government, much shorter and less substantive rulings that plaintiffs submitted as examples were properly freely accessible to the public because they were designated as such. And just as one example, I mean, we submitted literally one-sentence rulings on the same amount of charges that issued the two rulings that plaintiffs paid to access, and those are available for free. We submit that conditioning the public's right to free judicial rulings on what the government itself below in this very litigation called a, quote, fundamentally unclear, end quote, method of opinion designation violates the, I'm sorry, constitutes a breach of the contract that all PACER users enter into. Even if we accept the proposition that there's a contract and that contract terms include the definition of opinion that is included in some of the AO memoranda, you're not arguing that your contract is with the individual judges who do the designation, are you? Oh, no, not at all, Your Honor, no. We brought suit against the federal, the United States government because as the district court found that they are ultimately the entity responsible for this contract, although the contract itself is administered by the administrative office. Okay, so the very documents that you say that define the contract also include the statement that whether something is an opinion will be designated at the complete discretion of the individual judicial officer, right? No, Your Honor, we do not agree with that at all. I mean, the government is taking a position, and the court below found that complete discretion, or as the district court below said, absolute authority to designate opinions, though we submit that that is not part of the terms of the contract that the district court found. I mean, if we can turn to the definition, the definition which PACER has told its users since 2005 governs whether a document should be an opinion and thus freely accessible, says that it includes, quote, any document that includes a reasoned explanation, end quote. I mean, there's other parts of it, but I don't think the government disputes that. So the key component of the definition clearly is a reasoned explanation. But the things that include that definition also include the statement that whether something satisfies that definition will be determined at the discretion of the judicial officer, right? It doesn't use the word discretion. There's actually no explicit ground of discretion, let alone complete discretion with what PACER said, told its users in announcements, and the same thing that's in the user manuals, the PACER user manuals, which the government... It says they have the ability to make... The so-called absolute grants of contractual discretion are disfavored and must be expressly stated. Courts are very reluctant to read impliedly such clauses, and here we submitted law not only for that effect about the disfavor of such clauses on Blue Brief 44, but we also explicitly cited cases addressing virtually identical language about responsibility, which concluded that responsibility is not akin to complete discretion. For instance, the cargo meat case on Blue Brief 34. In that case, the clause provided that one of the parties was both solely responsible, end quote, for certain tasks under the contract, and the party that was given that discretion claimed that they had complete discretion. And the court rejected that, and applying Black's and other common definitions of responsibility said that responsibility in this context was akin to obligation or duty and not complete discretion. And we also submit that the notion of complete discretion is belied by the memos that you mentioned. Those memos were issued by the judicial conference, which the government... The administrative office actually called official guidance. I mean, the government said that these are just non-binding recommendations. It basically does not really work much, but, I mean, the judicial conference itself called them official guidance. And that memo describes opinion designation in obligatory terms. It says, for instance, that it places specific demands on the judiciary and that all courts are, quote, required to provide access to the substance of all written opinions issued by the court, end quote. And so we think that's patently inconsistent with the government's position that there's basically no standard. I mean, according to the government, for instance, the Southern District of New York could have a policy that only opinions, only rulings of, you know, 20 pages or longer, for instance, are opinions. While the Southern District of California could say only summary judgment rulings and so on. I mean, it'll never end. And, in fact, the law that the court itself relied on for the sign of complete discretion under summary judgment ruling supports our view. Specifically, the court cited Barstack on Blue Brief 39 as saying that, quote, if a contract purports to grant absolute discretion, such discretion is authorized. But, again, here, there is not even an explicit grant of discretion, but only this responsibility language, which we believe is not close to the law. So the memoranda that you are now referring to, it doesn't say anything in obligatory terms. It makes clear that they're mere recommendations to judicial officers and they are guidance. So the combination of that and saying that it's the judicial officers that'll make the decision certainly implies that there is discretion and that you are, you know, signing up for PACER and participating in PACER at the risk that a judicial officer might make a mistake. Well, yes, and I understand that, Your Honor, but I would like to bring up an important point that I believe that the district court did not address in its summary judgment ruling. Although there is language that suggests these are recommendations, et cetera, there is one language that we call an objective guidepost among the five verifying points, and it says that while it does not define what a reasoned explanation is, it gives examples of what is not the reasoned explanation, and it says that the definition does not cover, quote, routine, non-substantive rulings. And it goes on to give the examples of a ruling for extension of time, promotion of extension of time, I'm sorry, and a scheduling order. And the reason why this language is significant is because the government below, as we discussed on, I believe, Blue Brief 37, the government in this very litigation conceded, despite its position of complete discretion, said that this is the, quote, only clear restriction on the court's discretion given under these memoranda and the definition. And we submit that if we look at the two rulings that plaintiff paid for to access, they could not reasonably be described as a routine, non-substantive order. One of the rulings was a three-page order denying a request for judicial notice, and another one was a five-page order granting a preliminary injunction. Counsel, you're arguing that the mere fact that they say these routine, non-substantive orders will never be designated as opinions, you're saying that somehow that translates to those are the only type of things that can't be designated as opinions? Oh, no, not at all, Your Honor. No, our position is that, and again, the government concedes that this applies, we believe that the term routine, non-substantive implies that anything substantive should be an opinion. And, I mean, while there is maybe some debate as to certain types of rulings, I don't think that an 80-page or a 50-page or even a 10-page or five-page ruling that has analysis and this case law, et cetera, could be described as non-substantive. Well, we don't have any 80-page or 50-page opinions in this record. We have the two short ones that you have. And even under your definition, I think it's arguable whether, I mean, while one appears to fall within what, if I were on the district bench, I might designate as an opinion, I think the other doesn't look that way. So, I mean, this is the problem. That's why the judges have to have the ability to make the designation. Yes, Your Honor, I understand your position, but we also, even if we take the memoranda out, because the district court actually didn't even apply the memoranda in the summary judgment and we argued that was inconsistent because both parties argued the memoranda and the court itself applied it earlier in the litigation. But even if we take the memoranda out of the equation and we say that the PACER contract said the accuser's opinion is a reason and explanation and it's up to the courts and under the government's proposition that the responsibility language gave discretion, the law is clear that when a contract vests discretion but doesn't specify how discretion is to be carried out, which is what the government basically is arguing in the court below rules, the implied covenant of good faith and fair dealing acts as a gap filler to impose an objectively reasonable and non-arbitrary standard. And so, I mean, here, maybe it would be another matter if the contract said, you know, opinions would be designated in the judge's absolute discretion or sole discretion. I'm sorry. No, finish your thought. Yeah, so that was the thought, basically, that here we think that it falls far short of an absolute discretion standard. And so, even without any standards, there was still an implied limitation on the judge's discretion. And I realize I'm going on my rebuttal time, but that's fine. And we also think that it's just, I mean, frankly, a bad policy to allow the designations to be subjected to such what we call arbitrariness because, you know, even if you put aside the principles recognized in the Georgia case, I just think it's a bad policy that the public should only be entitled to access rulings that, you know, without any standard whatsoever. But at this time, I would like to reserve my remaining rebuttal time. Okay, thank you. We will hear from the government. Ms. Klein. Thank you. May it please the Court, Alisa Klein for the United States. To address Judge O'Malley's questions about the way the E-Government Act was implemented, referring to the guidance that was the subject of the colloquy, on page 390 of the appendix, the opening paragraph on that page makes explicit that the judicial conference is simply providing recommendations for a written opinion. And that is in part because the E-Government Act did not give the judicial conference authority to issue a binding definition. The judicial conference had regulatory authority in certain limited areas, such as to prescribe interim regulations regarding privacy and security pending the Supreme Court's issuance of binding regulations, final regulations. But there was no authority to bind the various courts of the federal system. So everything that follows is a recommendation. And in the bullet point on which the plaintiff relies most heavily, the guidance makes explicit that the responsibility for determining which documents meet the definition rests with the authoring judge and the determination should be made at the time the document is filed. And then just flipping to the next page, 400 of the appendix. Counsel, let me interrupt you here. We need to be pretty specific about the language. It does say the responsibility to make the designation. So, I mean, your opponent on the other side tries to create that as a very serious obligation on the part of the judicial officer. But you're seeming to make it a little more loosey-goosey. It doesn't say the right to make the determination. It says the responsibility, which implies that they're supposed to exercise some real care in making that determination. Right? Well, again, to be clear, this is all under recommendations because the judicial conference does not have authority to issue a binding definition. And so if you read that bullet point in conjunction with the next page, which says the CMECF system will be modified to ask a user filing on behalf of a judge whether the document being filed meets the definition of written opinion at the time of docketing. For, among other reasons, practical reasons, there is no one else at the PACER Service Center who reads the millions of orders that judges upload to PACER. What is your answer if it's true that district judges on a regular basis fail to designate 100-page opinions that go into great substantive analysis? You're simply saying that's just tough luck and we don't have any obligation to police that? Well, correct in that it's certainly not a contract claim. Plaintiff put it, it's a policy argument. He may well regard it as bad policy, but this would be an argument to direct Congress, which prescribes access to opinions, did not prescribe free access. This is the point that the district court in this case made in rejecting the plaintiff's statutory claim, which he did not appeal. Let me ask you about your argument that there is no contract. I mean, putting aside the fact that the district court expressly found a contract and you didn't cross-appeal that conclusion, in Redden, the government argued that a contract was created between a PACER user and the government as soon as the PACER user chose to access documents. So, even if the registration itself didn't constitute a contract, why isn't there... A contract can't go one way. Why isn't there a contract that is formed exactly as the government argued it was formed in Redden? So, let me clarify both of the points Your Honor mentioned. First, there was no need to cross-appeal. The judgment was in our favor, and we could argue for a firm ground supported by the record. In Redden, the actual claim for injunction, they checked the wrong box on the civil cover sheet, but there's no estoppel against the government and the district court in this case did not purport to rely on Redden. To the extent the government seeks to recover debts, you know, for example, taxes past due or debts under any other program, there are an array of statutes that authorize that recovery. And so, while the wrong cover sheet box was checked, that should not in any way lead to the conclusion that rights established under the E-Government Act, these schedules and paper system are contractual, referring to the presumption that such rights would be statutory in the E-Government Act. To echo this point, this is a contract right due to the E-Government Act, in the narrowest sense, that there was an emphasis on the instrument of policies and procedures that the plaintiff, you know, the box, and the district court recognized that doesn't make any reference to free opinions. That's on page 643 of the appendix. Instead, it was a separate payment information page at appendix 638 that said, judicial opinions accessed via pay server will not generate a charge. That does not suggest that there is a right to orders for free that are not designated as opinions. And also, it's extremely similar to the language that this court, the Chapman decision concluded, does not overcome the presumption against inferring a contract right from a government program. Instead, the rights are statutory and administrative. Okay. Okay. Anything, any more questions for Ms. Klein, Judge O'Malley? No, thank you. Judge Wallach, are you okay? No, thank you. All right. Thank you. Thank you, Ms. Klein. Thank you.  You have some rebuttal, Mr. Giuliano? Thank you. Just very briefly, Your Honor, as Judge O'Malley pointed out correctly, we absolutely think that it is inconsistent for the government to argue no contract when they themselves have sued Pacer Users for money, and as the court indicated, was pursuant to a breach of contract. And the counsel for government cites Chapler, but we believe Chapler is plainly distinguishable. There, the alleged contract is based on a single statement on the passport application and some related statements on the Department of State's general website, whereas Pacer is a single-purpose comprehensive website that, as the district court found, has all the hallmarks of traditional Internet-based contracts. And, in fact, you know, we believe it's basically identical to Westlaw. You know, a user creates an account with Westlaw in order to receive access to Westlaw's records. They pay Westlaw money to access those records, and Westlaw gets the consideration in the form of the money. Same thing here. The user has to register for an account in order to use Pacer, and as the district court found, Pacer gets the consideration of user fees in exchange for- Your Honor, let me interrupt you to be sure that I'm clear as to the relief you're asking for. You're asking that any document that a court issues that has the captioned order rather than opinion or no caption at all, whether it's a scheduling order, an extension of time, that your brief is the wrong color, or anything else must be available through Pacer free or no matter what. I would think that users would prefer not to be burdened if they're looking at a particular case to get a whole bunch of irrelevant and trivial and non-substantive documents coming their way, whether they pay 10 cents a page for it or not. So just what relief are you asking for? Yes, thank you, Your Honor. No, to be clear, we're not-we're always saying that documents- those documents that we're saying should be free pursuant to the terms of the Pacer contract are documents that contain a reasoned explanation and where we differ with the government. Well, who's to decide that? Who's to decide that you issue a one-sentence order which explains why you're asking someone to do something? Is this something that you propose should go through some internal process whereby a judge has to decide whether this is or is not a reasoned explanation? Or it seems very clear when you look at it that the plan was this is the important stuff. These are the opinions. They're not to be charged for, and it's to be routinely handled. You're saying none of this can be routinely handled according to your request? Well, somewhat, Your Honor. It's not so much the routine, but we think the key distinction, again, is reasoned explanation and the routine non-substantive language. We think that it shouldn't be that hard for courts to figure out whether something's substantive or not, and frankly, the burden should fall on the government and not the users to address any deficiencies with that. As the government's contract, they've had 15 years to implement it, and under principles both of implied government and construction against the drafter, any doubt as to whether a document should have been labeled an opinion or not should be resolved in favor of inclusion. And as far as to go back to our earlier question as to what the documents, I mean, the relief was seeking, we did try to bring a class action here, and we proposed classes that we thought were completely objective, including we believe that all documents that are actually labeled opinions in their title, at least, should be, you know, opinions. We believe that's sort of common sense. I mean, if a document has opinion in its title, it should be an opinion. But you haven't asserted any lapse in terms of the opinion provision, as I recall. You're complaining about things that are marked as orders, but they have substantive content. Well, we provided literally hundreds of examples, including some that had orders in their title, but our overarching point was, again, that we were using these examples as examples of arbitrariness. Just one really quick point on arbitrariness, I mean, going back to these definitions, the recommendations, I mean, one of them said that the definition expressly intended to apply to magistrate documents, both orders and the reports, any time the district court takes action on them. And we submitted evidence, including, for instance, one year, last year, 46 orders of this type were issued by the Senate District of Florida, and not a single one was designated as an opinion, even though the official guidance says it's expressly intended to cover such documents. So we submit that basically there's really no standard being applied at all, and we don't believe that's compatible with the terms of this contract. Okay. Any more questions for Mr. Giuliano, Zomali, Sir Twalik? No, thank you. Okay. Thank you. We have the arguments, and thank counsel on both sides. This case is under submission, and that concludes this court's oral arguments for this morning. Thank you, Your Honor. The honorable court is adjourned until tomorrow morning at 10 a.m.